Dear Judge Irvin:
You and the other judges of the city court in Shreveport have requested our opinion on who should provide the legal defense to the city court and its clerk of court and other employees, in a situation where the city court has received a letter sent from an attorney pursuant to R.S.23:303(C) in anticipation of filing a possible employment discrimination suit against the court. You advised us that the city attorney's office has itself declined to provide you with a legal defense and has further declined to hire any other attorney to provide such a defense for the court.
In addition, you advise that, unlike the past when the city court received assistance from the city's personnel department, the City of Shreveport now will not let its personnel department assist the court with personnel matters nor help the court resolve this or other disputes between or among city court employees. You would like to know what status the city court employees have with respect to the City of Shreveport and whether the City of Shreveport must either continue to allow its personnel department to provide services to the city court or pay to allow the city court to establish a personnel department as a "reasonable expense" of the operation of city court.
Finally, you ask us where "respondeat superior" [master-servant] liability falls for acts and omissions of city court employees pursuant to Civil Code art. 2320.
You already know, of course, that R.S. 13:1905 provides city court judges with legal representation by the attorney general in liability suits. However, that still leaves open the question of who provides a legal defense for the city court itself as a separate entity.
The City of Shreveport operates under a Home Rule Charter pursuant to La. Const. (1974) art. 6, § 4. It is vital to understanding this opinion that such a Home Rule Charter is the primary and definitive authority for providing for the structure, powers, functions, *Page 2 
and duties of the government of the City of Shreveport, except as inconsistent with such constitution. La. Const. (1974) art. 6, § 4.
Article 8, Section 8.03, of that charter provides for the city attorney, his qualifications, and his powers and duties; it reads as follows:
 "The city attorney shall be an attorney-at-law and shall have actively practiced his profession in the State of Louisiana for not less than five (5) years immediately preceding his appointment. Unless and until otherwise provided by ordinance pursuant to section 4.20(c) hereof, the city attorney shall be the legal advisor of the mayor and the council and of all offices, departments, commissions, boards and agencies of the city government and shall furnish the mayor, or council or any member thereof, or any office, department, commission, board or agency established by this Charter, or by ordinance, a written opinion on any question of law involving their official powers and duties. At the request of the mayor or any member of the council he shall prepare ordinances and resolutions for the consideration of the council. He shall draw or approve all bonds, deeds, leases, contracts or other instruments to which the city is a party or in which it has an interest. He shall represent the city in person or by an assistant in all litigation, including prosecution of ordinance violations in the city court. He shall have such assistants and there shall be in his office such other employees as the council may provide by ordinance.
 "All attorneys, other than the city attorney, advising or representing the council, the mayor, or any board, commission, department, official or agency of the city, shall be supervised by the city attorney and employed only with his consent."
The city charter, definitively providing for the structure and structural parts of the government of the City of Shreveport, includes recognition and confirmation of the existence and authority of city court of the City of Shreveport. "There shall continue to be a city court with one or more judges and a marshal for the City of Shreveport and Ward Four of Caddo Parish, as now or hereafter provided by law," Article 16, Section 16.01, of the Charter of the City of Shreveport of 1978 (as updated through amendments). Hence, in our opinion, the city court for the City of Shreveport is such an integral part of the City of Shreveport that a lawsuit against the city court is tantamount to a lawsuit against the city itself, and the city attorney is obligated to defend the city court in the lawsuit himself or through an assistant or otherwise hire an attorney to provide a legal defense for the city court.
Indeed, we are advised that many municipalities have or are members of governmental risk management programs or purchase liability insurance for themselves and make certain that their city courts, city court judges, and city court employees are included in the liability coverage. In such a case, the risk management group or liability insurance company will usually provide a legal defense in any liability lawsuit against them. *Page 3 
Shreveport city court employees are employees of the City of Shreveport. Article 14, § 14.07, of the Charter of the City of Shreveport of 1978 (as updated through amendments) expressly provides, in pertinent part,
 "Officers and employees of all departments and agencies of the city except the departments of police and fire shall be divided into the unclassified and classified service. The unclassified service shall consist of . . . (e) all employees of the judges and marshal of the city court. . . ."
The employees of the city court are employees of the judges within the meaning of the foregoing city charter article. The judges constitute the appointing authority of such employees. "The judges of the city court of Shreveport shall appoint one clerk for the civil section of the court, one clerk for the criminal section of the court, and not less than four deputy clerks," R.S. 13:2086. The city court judges also have inherent authority over the operations, functions, and programs of the city court and of all the additional personnel funded by the city council to implement them. While generally in this nation, court judges may have specific policies dealing with personnel implementing procedures within the judges' sections of court and the clerk of court may have general policies dealing with deputy clerk personnel overall, State of WestVirginia ex rel. Core v. Merrifield, 202 W.Va. 100, 502 S.E.2d 197
(1998), the Shreveport city court judges, because they appoint both the clerk of city court and the deputy clerks, have supervisory authority over the clerk as well as the deputy clerks and may use that oversight power to insist on implementation of only fair and equitable personnel practices and policies that comport with federal and state law.
Because, under Article 14, § 14.07, of the city charter, the city court employees are an integral part of the personnel system of the City of Shreveport, the city's personnel department must assist the city court in personnel matters and continue to provide personnel services to it, to the same extent and in the same manner as it would to any other office or department of the city with the same type of employees ("classified" and/or "unclassified"), especially in the department's educational programs to teach city officials, supervisors, and employees how to avoid unlawful employment discrimination in the performance of their duties. However, there also appears to be no prohibition against the city council's choosing to pay for the establishment of a personnel office within and for the city court itself alone as a "reasonable expense" of the operation of the city court, if the city council so wishes. But it would seem more efficient and less costly for the city's personnel department simply to include the city court personnel within the scope of its programs, operations, and activities, including any voluntary dispute resolution activities.
Specifically, as to your master-servant liability question, our office has had a long-standing policy for many years to decline to write opinions on governmental liability questions. The reason for such policy is that if we say the government, or any particular part of government, is liable, personal injury attorneys will show up in court with a copy of our opinion and claim that we have, in writing, confessed judgment and admitted all related governmental liability, but if we say the governmental entity is not liable, personal injury attorneys then claim that the court should completely ignore such a self-serving *Page 4 
opinion. We have found it better simply not to comment on governmental liability questions.
We trust that this opinion has, in any event, adequately answered your request, but if you have any further questions, please ask us to answer them for you. With warmest regards, we remain
 Yours very truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY:__________________________
 THOMAS S. HALLIGAN
 Assistant Attorney General
 CCF, Jr./TSH/ard
 bcc: Ms. Frances Pitman